FILED

2018 NOV 13 PM 2:00

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

|  |  |  |
|---|---|---|
| VERNEKA MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| CLINICAL SOLUTIONS, LLC | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Comes now the Plaintiff, proceeding Pro Se, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 USC §2000e et. seq., and state law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Verneka Murphy, is a citizen and resident of Hendersonville, Sumner County, Tennessee.

3. Defendant, Clinical Solutions, LLC, is a Domestic Corporation operating in Franklin, Tennessee and may be served with process through its registered agent, Christi Throneberry, at 416 Mary Lindsay Polk Drive, Suite 515, Franklin, TN 37067-6212.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues

1

of Federal Law.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6.     Plaintiff, Verneka Murphy (hereinafter "Murphy" or "Plaintiff"), a black female, was employed by Defendant, Clinical Solutions, LLC, (hereinafter "Clinical" or "Defendant"), as Pharmacist for the Tennessee Department of Corrections beginning on or about October 5, 2015, until the time of her termination on or about April 12, 2017.   Murphy was qualified for the position of Pharmacist through education, experience, and training.

7.     Clinical was an "employer" at all times relevant to this Complaint, as defined by 42 U.S.C. 2000e(b).

8.     At all times relevant to this Complaint, Murphy was supervised by Randy Beamon, President (hereinafter "Beamon").

9.     During the course of her employment, Murphy was subjected to ongoing comments and discrimination on the basis of her race (black) by fellow pharmacists Brent Daugherty (hereinafter "Daugherty") and Cassidy Wellons (hereinafter "Wellons").

10.     Murphy did not welcome the comments, was offended by same, and asked Daugherty and Wellons to stop their behavior on numerous occasions. The behaviors did not stop and was both objectively and subjectively offensive.

11.     Murphy complained about the comments and discrimination to Clinical's HR department.

12.     As part of her job duties, Murphy was required to participate in random "mock audits." In or around January 2017, Murphy received a final warning from Clinical regarding an error of

2

a different pharmacist prior to the scheduled mock audit.

13. In February 2017, Murphy complained about the warning as well as complaining again about the discriminatory comments.

14. Murphy was subsequently terminated on or about April 12, 2017 for the errors of the other pharmacist as well as the error of a pharmacy technician. However, Murphy had no responsibility for these errors.

15. Any reason that Clinical may have provided for termination is pretext for retaliation due to Murphy's complaints of racial harassment and discrimination as she was performing acceptably at the time of her termination.

16. Murphy filed a timely charge of discrimination with the Tennessee Human Rights Commission ("TN HRC").

17. Murphy received her Notice of Determination from the TN HRC, with a mailing date of August 16, 2018.

18. This action is filed within ninety (90) days of Murphy's receipt of the Notice from the TN HRC.

## FIRST CLAIM FOR RELIEF
**(Title VII discrimination and harassment under Title VII of the Civil Rights Act of 1964)**

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint.

20. Plaintiff's race is black, a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.).

21. Defendant's subjection of Plaintiff to a hostile work environment caused Plaintiff's damages, including but not limited to great emotional distress, mental pain, suffering, stress,

3

grief, worry and mental anguish.

22.     Defendant's actions in terminating Plaintiff are intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

23.     Therefore, Plaintiff sues Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

## SECOND CLAIM FOR RELIEF
### (Retaliation - 42 U.S.C. § 2000e *et. seq.*)

24.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint.

25.     Plaintiff complained to Defendant about the unlawful discrimination and harassment directed at Plaintiff. Plaintiff's complaint to Defendant constitutes legally protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

26.     Defendant's discharge of Plaintiff was due to her complaint of unlawful discriminatory conduct directed at Plaintiff, and any of Defendants' reasons for Plaintiff's discharge are pretext to unlawful retaliation.

27.     Defendant's discharge of Plaintiff in retaliation for Plaintiff engaging in legally protected activity violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

28.     Defendant's termination of Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* caused Plaintiff injuries including but not limited to, lost wages, salary, benefits; and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

31.     Defendant's actions in terminating Plaintiff were intentional, willful, and in reckless disregard for Plaintiff's legally protected rights, and justify awarding punitive damages.

32.     Therefore, Plaintiff sues Defendant for retaliation in violation of Title VII, 42 U.S.C. §

4

2000e, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.      The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B.      The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in subjecting Plaintiff to sexual harassment and retaliation.

C.      The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

D.      The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs.

E.      This matter be tried by a jury.

F.      The judgment bear interest at the legal rate from the date of filing this action until paid.

G.      Defendant be taxed with the costs of this action; and

H.      The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 13th day of November, 2018.

_____
Verneka Murphy
114 Brant Lane
Hendersonville TN 37075
731.616.3676

6