# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VERNEKA MURPHY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:18cv-01287 |
| | )   Judge Aleta A. Trauger |
| CLINICAL SOLUTIONS, LLC, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM & ORDER**

Plaintiff Verneka Murphy has filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. No. 1). Now before the Court is the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2).

Under federal law, a district court may authorize "the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *also see Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) ("The decision whether to grant a request to proceed in forma pauperis is committed to the discretion of the district court."). In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331 (1948), the Supreme Court held that a party need not be completely destitute to pursue an appeal *in forma pauperis*. Courts have held that the statute does not require a party "to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). An applicant will qualify for *in forma pauperis* status if he or she cannot "pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

In the present case, the plaintiff attests that her monthly expenses far exceed her income, as a result of her employment having been terminated by the defendant in April 2017, that she

has only been able to find part-time and sporadic work earning approximately one-third of her prior salary, while her monthly expenses are essentially unchanged. She has incurred substantial credit card debt to pay her monthly bills and has no savings. While it is clear that the plaintiff earns a salary and owns substantial assets, the court nonetheless finds that the plaintiff would not be able to pay the filing fee and "still be able to provide [herself] . . . with the necessities of life." *Adkins*, 335 U.S. at 339. The Application (Doc. No. 2) is therefore **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of the Complaint and dismiss it, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing a complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present Complaint, the plaintiff alleges that she is a black female who was subject to "ongoing comments and discrimination" on the basis of her race while employed by defendant Clinical Solutions, LLC. (Doc. No. 1 ¶ 9.) She complained about the comments to her employer's HR department. She was terminated shortly thereafter. She alleges that the reason given for her termination was pretextual insofar as she was blamed for errors committed by other

people. (*Id.* ¶ 15.)

Plaintiff alleges that she filed a timely charge with the Tennessee Human Rights Commission and filed this lawsuit within ninety days of receiving notice of her right to sue from the Commission.

For purposes of 28 U.S.C. § 1915(e)(2), the court finds that the Complaint adequately states claims for hostile work environment and retaliation under Title VII against the defendant that are not facially frivolous or malicious. The Clerk is directed to **ISSUE PROCESS** and ensure service upon Clinical Solutions, LLC through its registered agent for service of process at the address provided by the plaintiff: Christi Throneberry, 416 Mary Lindsay Polk Drive, Suite 515, Franklin, TN 37067-6212.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply. The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

ENTER this 11th day of December 2018.

ALETA A. TRAUGER
United States District Judge