# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VERNEKA MURPHY,       )<br>　　Plaintiff,       )<br>　　　　　　　　　　　)<br>v.       )<br>　　　　　　　　　　　)<br>CLINICAL SOLUTIONS, LLC,       )<br>　　Defendant.       ) | Civil Action No. 3:18-CV-01287<br>Judge Trauger / Frensley |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice. Docket No. 10. Defendant has additionally filed a supporting Memorandum of Law. Docket No. 11. Plaintiff has filed a "Rebuttal of Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice", (Docket No. 20) to which Defendant has replied (Docket No. 22). For the reasons set forth herein, the undersigned recommends the Motion be GRANTED in part, and DENIED in part.

### I. INTRODUCTION

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. Seq., and "state law." Docket No. 1, p. 1. Plaintiff alleges that her employer, Clinical Solutions, LLC ("Defendant"), subjected her to a hostile work environment and fired her in retaliation for "engaging in legally protected activity". *Id.* at 3-4. Plaintiff subsequently filed an Application for Leave to Proceed *In Forma Pauperis* ("application"). Docket No. 2. The application states, in pertinent part:

> I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may

result in a dismissal of my claims.

Docket No. 2, p. 1.

One portion of the application requires Plaintiff to estimate her average monthly income from the past 12 months. *Id.* The instructions state Plaintiff should **"use gross amounts, that is, amounts before any deductions for taxes or otherwise."** *Id.*(emphasis added). Plaintiff estimated that her average monthly income over the past 12 months was between $1600-$3200. *Id.* The application was signed by Plaintiff and dated November 13, 2018. *Id.*

Defendant alleges that Plaintiff intentionally misrepresented her financial status on her application and subsequently filed a Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to 28 U.S.C. § 1915(e)(2). Docket No. 10. Defendant additionally filed a supporting Memorandum of Law. Docket No. 11. Plaintiff has filed a response (Docket No. 20), to which Defendant has replied (Docket No. 22).

## II. LAW AND ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed because she provided false information about her average monthly income on her application to proceed *in forma pauperis*. Docket No. 11, p. 5. Defendant specifically argues that Plaintiff's income from Affordable Pharmacy yields the gross amount of approximately $4,166.63 per month which is a drastic difference from the estimate of $1600-$3200 per month that Plaintiff reported. *Id.* Defendant further contends that Plaintiff is fully capable of completing an unambiguous form given her educational and occupational background. *Id.* at 6. Defendant maintains that the court should dismiss Plaintiff's complaint with prejudice because Plaintiff intentionally and in bad faith misrepresented her financial status. *Id.* at 5.

Plaintiff argues that she did not misrepresent her financial status on her application. Docket

No. 20, p. 5. Plaintiff contends that at the time she was filling out her application she did not have her 1099 form on hand and lacked the requisite resources to find her proper average monthly income. *Id.* at 2. Plaintiff contends that she calculated her average monthly income by taking her yearly after-tax income of $38,999.61 minus $600 for a health insurance penalty and dividing that number by 12.[1] *Id*. Using the math demonstrated above, Plaintiff said she calculated her average monthly income to be $3,199.97, which is within the range of $1,600-$3,200 that she provided. *Id.* Plaintiff further argues that Defendant falsely stated that she continues to average $4,000 per month from Affordable Pharmacy in the current year. *Id.* at 3. Plaintiff contends that this is incorrect because she could not work for approximately two months due to being in and out of the hospital for treatment of a life-threatening blood clot. *Id.*

Defendant replies that there is "no legitimate dispute that Plaintiff provided false information on her Application." Docket No. 22, p. 1. Defendant argues that it is difficult to see how someone with internet access would not have the capability to access her monthly income. *Id.* at 2. Defendant asserts that, at a minimum, Plaintiff did not take seriously the information she was being asked to certify under oath. *Id.* Defendant contends that Plaintiff's second argument, that the information she provided was accurate, fails. *Id.* Defendant argues that Plaintiff engaged in "mathematical gymnastics" to reach an average monthly income within the $1,600-$3,200 range. *Id.* Defendant further argues that the application specifically stated that Plaintiff should use gross amounts in her calculation. *Id.*

An indigent Plaintiff may avoid the payment of filing fees by filing an affidavit of indigency under 28 U. S. C. § 1915(a). However, "the Court shall dismiss the case at any time if

---

[1] Plaintiff states that her gross income for 2018 was 49,999.50 and that this income landed her in the 22% tax bracket. This left her with $38,999.61 (.78*49,999.5 = 38,999.61). Plaintiff then subtracted a health insurance penalty from her after tax income which leaves her with $38,399.61 (38,999.61-600 = 38,399.61). Plaintiff then took $38,399.61 and divided it by 12 to get $3199.97 as her average monthly income ($38,399.61/12 = 3,199.997).

3

the Court determines that – (A) the allegation of poverty is untrue[.]" 28 U. S. C. § 1915(e)(2)(A). Prior to the Act's amendment, the Court had discretion to dismiss a case if it determined that an allegation of poverty was untrue; however, the current version includes the mandatory "shall dismiss" language. *See Thomas v. General Motors Acceptance Corp.*, 288 F. 3d 305, 306 (7th Cir. 2002)("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.") While dismissal is mandatory when the allegations of poverty are untrue, "[n]ot every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint." *Robinson v. Koch Foods of Alabama*, 2014 WL 4472609, at *2 (M. D. Ala. Sept. 1, 2014)(quoting Camp v. Oliver, 798 F. 2d 434, 438 n. 3(11th Cir. 1985)). If the allegation of poverty is untrue, the Court must determine whether to dismiss the case with or without prejudice. *See, Jones v. Michigan Dept. of Human Services*, 2013 WL 640771 at *1(E. D. Mich. February 21, 2013)("[A] district court has the discretion to dismiss a case with prejudice where a Plaintiff has in bad faith filed a false affidavit of poverty.")(*quoting Romesburg v. Trickey*, 908 F. 2d 258, 260 (8th Cir. 1990)).

The purpose of § 1915(e)(2)(A) is to prevent abuse of the judicial system by litigants who falsely understate their assets to obtain *in forma pauperis* status when they are not entitled to it based on their true assets. *Attwood v. Singletary*, 105 F. 3d 610, 613 (11th Cir. 1997)(*per curium*). While the statute neither requires a litigant to "demonstrate absolute destitution," *Potnick v. E. State Hospital*, 701 F. 2d 243, 244 (2nd Cir. 1983)(*per curium*), nor dismissal for inaccuracies, misstatements, or minor misrepresentation made in good faith, *see Lee v. McDonald's Corp.*, 231 F. 3d 456, 459 (8th Cir. 2000) a conclusion that the Plaintiff concealed or misrepresented their assets in bad faith would support dismissal of the case with prejudice. *See Romesburg, supra.*

"[D]eliberate concealment of income in order to gain access to a court without prepayment of filing fees" would constitute bad faith in this context. *Jones v. Michigan Dept. of Human Services*, 2013 WL 640771, *1 (E. D. Mich. February 21, 2013)(*quoting Vann v. Commissioner of New York City Dept. of Corrections*, 2012 WL 4010492, at *2 (2nd Cir. Sept. 13, 2012)(*citing Cuoco v. U. S. Bureau of Prisons*, 328 F. Supp 2d 463, 467-68 (S. D. N. Y. 2004)).

28 U.S.C. § 1915(e)(2)(A) states, in pertinent part, "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." The language of the statute makes it mandatory for the court to dismiss the case if the court finds that the allegation of poverty is untrue. *Redd v. Redmon,* 2000 WL 658291, at *1 (6th Cir. May 9, 2000).

Here, there is no question that the Plaintiff's sworn application to proceed *in forma pauperis* contains false statements regarding her income. The unrefuted evidence establishes that Plaintiff's allegations of poverty were untrue. Apart from significantly understating her income, Plaintiff's attempts to validate her responses through creative math and recharacterizations of the requirements of the form call into question her credibility and/or appreciation of the oath she executed in the affidavit in support of the application. The question remains whether the action should be dismissed with or without prejudice.

District Courts have the discretion to dismiss a case with prejudice where a plaintiff intentionally, and in bad faith misrepresents their financial status in order to proceed *in forma pauperis*. *See, e.g., Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 306-307 (7th Cir. 2002); *Vann v. Comm'r of the New York Dep't of Corr.,* 2012 WL 4010492, at *2 (2nd Cir. Sept. 13, 2012). Evaluation of a plaintiff's background is one of the most important aspects in determining the plausibility of her justifications for misrepresenting information on her application

to proceed *in forma pauperis*. *See, Mullins v. Hallmark Data Sys., LLC,* 511 F.Supp.2d 928, 934 (N.D. Ill. 2007).

The undersigned finds that Plaintiff misrepresented her financial status on her application. The instructions on the application specifically state that Plaintiff should "use gross amounts, that is, amounts before any deductions for taxes or otherwise" when calculating her average monthly income. Docket No. 11-1, p. 16. Plaintiff signed an affidavit in support of the application which states, "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." *Id.* Plaintiff stated that her average monthly income for the past 12 months was within the range of $1600 - $3200. *Id.* At the time Plaintiff filled out her application, Plaintiff's average monthly income for the past 12 months was at least $3,894.33.[2] *Id.* at 13-14.

Plaintiff misrepresented her monthly income by a minimum of $684.33 and a maximum of $2,294.33.[3] This amounts to a misrepresentation of yearly income between $8,331.96 and $27,531.96.[4] The amount by which Plaintiff misrepresented her income is significant and indicates Plaintiff did not make a slight miscalculation of her income.

Plaintiff does not argue that she was confused by the directions on the application but instead states that she reported a "rough estimate" on her application. Docket No. 20, p. 1. Given Plaintiff's educational and occupational background as a pharmacist, the undersigned finds it hard

---

[2] Plaintiff's average monthly income was calculated using Plaintiff's gross earnings from November 2017 through November 2018 provided in her employment records. Docket No. 11-1, p. 13-14. Plaintiff's average monthly income in 2017 after her termination was $1,988.25 (15,906/8). *Id.* at 13. Plaintiff's average monthly income in 2018 was $4,166.63 (49,999.50/12). *Id.* at 14. From November 2017 – November 2018 Plaintiff made $46,732 (1,988.25 * 1.5) +(4,166.63*10.5)). Plaintiff's average monthly income for the relevant time period comes out to $3,894.33 (46732.00/12).

[3] The minimum and maximum monthly miscalculations were calculated by subtracting Plaintiff's reported average monthly income from her actual monthly income. (3,894.33-3,200 = 694.33) (3,894.33-1600 = 2,294.33).

[4] The minimum and maximum yearly miscalculations were calculated by using the calculations in footnote 3 and multiplying them by 12. (694.33*12= 8,331.96) (2,294.33*12 = 27531.96).

to believe that Plaintiff unintentionally misrepresented her average monthly income by 22% - 72%.[5] Furthermore, the average monthly income of $3,199.97 that Plaintiff calculates in her response falls just within $0.03 of the high end of her estimation of $3,200. In order to reach this number, Plaintiff states that she subtracted deductions for taxes and a health insurance penalty from her monthly income even though the application specifically states to use gross amounts as discussed above. Docket No. 20, p. 2. Plaintiff does not attempt to explain how she calculated the low end of her estimation at $1,600. Plaintiff's misrepresentation of her income could illustrate an attempt take advantage of a privilege that is designed to help those who have a genuine need to obtain *in forma pauperis* status.

As set forth herein, under any scenario, the Plaintiff significantly and substantial misrepresented her income in her application to proceed *informa pauperis* in this matter. Given the significant variance between Plaintiff's sworn submission in the application and her sworn deposition testimony, the mandatory language of the statute and interpreting case law require dismissal. While this case presents a close call given the plain and unambiguous language of the application, background and education of the Plaintiff, her failure to articulate any extenuating circumstances calling into question her cognitive skills or her ability to understand the application, and her sophisticated mathematical calculations intended to support the information she provided; it is not clear that her misrepresentations in the application were in bad faith. While the purpose of the application is to proceed without prepaying fees or costs, the Plaintiff stated in the application that she expected to spend money for "whatever filing fees are assoc. with the case . . . and any other court or legal fees assoc. with the case." Docket No. 2, p. 5. While the Court cannot condone presenting false information under oath, it does not have sufficient reason to conclude that the

---

[5] The percentage discrepancy was calculated as follows (((3,894.33-3,200)/3,200) = 22%) (((3,894.33-1600)/3,200) = 72%).

inaccuracies were in bad faith.

### III. RECOMMENDATION

For the reasons discussed above, the undersigned finds that Plaintiff's Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff significantly misrepresented her average monthly income on her application to proceed *in forma pauperis*. However, the undersigned cannot conclude they were made in bad faith. Therefore, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 10) be GRANTED, but the Complaint be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

  **JEFFERY S. FRENSLEY**
  **United States Magistrate Judge**