# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **VERNEKA MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-01287** |
| | ) | **Judge Aleta A. Trauger** |
| **CLINICAL SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Verneka Murphy brings claims against defendant Clinical Solutions, LLC under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and "state law." (Doc. No. 1 ¶ 1.) Now before the court is the plaintiff's "Objection to Magistrate's Reported Recommendation for Dismissal of Plaintiff's Complaint Without Prejudice and Plea Not to Dismiss My Case" ("Objection") (Doc. No. 27), to which Clinical Solutions has filed a Response in Opposition (Doc. No. 28).

The plaintiff objects to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 26), recommending that the defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. No. 10) be granted in part and denied in part. Specifically, in a detailed and thoughtful opinion, the magistrate judge recommends that the motion be granted in part but that the action be dismissed *without* prejudice under 28 U.S.C. § 1915(e)(2), rather than *with* prejudice, based on uncontroverted evidence in the record that the plaintiff "significantly misrepresented her average monthly income on her application to proceed *in forma pauperis*"

but insufficient evidence that the misrepresentations were made in bad faith. (Doc. No. 26, at 8.) For the reasons set forth herein, the court will overrule the Objection and accept the magistrate judge's recommendations in their entirety.

## I.    Procedural Background

Prior to her termination in April 2017, the plaintiff was a pharmacist employed by Clinical Solutions to provide services for the Tennessee Department of Corrections. The plaintiff filed suit against Clinical Solutions on November 2018, alleging racial discrimination, harassment, and retaliation in violation of Title VII. (Doc. No. 1.) With her Complaint, the plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("*in forma pauperis* application"), in which she estimated, under oath, that her average gross monthly income from employment during the "past 12 months" was "1600–3200" and that her anticipated income for the next month was likewise "1600–3200." (Doc. No. 2, at 1.) She also stated that her current income from employment was "$2000–3200 with no taxes taken out." (*Id.* at 2.) She alleged that, having been terminated by the defendant, she was earning a third of her previous salary but still had the same expenses as before, which far exceeded her current income. (*Id.* at 5.)

In addressing the *in forma pauperis* application, although the plaintiff presented a borderline case of entitlement to proceed without paying the filing fee, the district court concluded, based in large part on the income estimation, that the allegations were sufficient to establish that the plaintiff would not be able to pay the filing fee and "still be able to provide [herself] . . . with the necessities of life." (Doc. No. 4, at 2 (quoting *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948)).) The court granted the *in forma pauperis* application and referred the case to the magistrate judge to enter a scheduling order for the management of

the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

In July 2019, the defendant filed its Motion to Dismiss, asserting that the plaintiff had established under oath during her deposition that the statements regarding her income in her *in forma pauperis* application were not truthful and that she, in fact, had earned $49,999.50 in compensation in 2018 as a pharmacist for Affordable Pharmacy. (*See* Doc. No. 11, at 1 (citing Doc. No. 11-1, at 5–6).) In other words, her average gross monthly income from employment for the year preceding the filing of her *in forma pauperis* application was more than $4,100, not $1,600–3,200. The plaintiff's income remained at that level for the months in 2019 for which income records were available at the time of her deposition. (*See* Doc. No. 11-1, at 9–10, 14, 15 (Affidavit and payroll record for 2018 and 2019 from Affordable Pharmacy).) The plaintiff's only explanation for the figure she provided on the *in forma pauperis* application was that she "did not have actual records available" and simply provided "an estimation on monthly income." (Doc. No. 11-1, at 6.)

In her Response in Opposition to the Motion to Dismiss, the plaintiff does not refute the payroll documentation submitted by Affordable Pharmacy, but she explains that she was a contract worker rather than an employee. She claims that the $50,000 income was a gross amount that did not include deductions for income tax or the $600 penalty she had to pay for not having health insurance. She asserts, as she did in her *in forma pauperis* application, that her income is substantially less than it was when she was a full-time employee. She also claims that she suffered health problems several months after filing suit that resulted in further diminution of her income. (Doc. No. 20.)

In reviewing the defendant's motion, the magistrate judge found that the plaintiff's

representation of her income on the *in forma pauperis* application, which clearly requested information regarding *gross* income rather than net, was untrue. The record irrefutably establishes that the plaintiff's income during the relevant period was $50,000, not the $19,200 to $38,400 represented by the plaintiff's estimated monthly income. Based on that inaccuracy and the language of 28 U.S.C. § 1915(e)(2), the magistrate judge recommends dismissal of the case. Because of insufficient evidence of bad faith, the magistrate judge recommends that the dismissal be without prejudice.

The plaintiff filed her timely Objection to the R&R, but she does not actually object to any finding of fact or conclusion of law by the magistrate judge. Instead, she seeks to restate her case for this court's *de novo* review, pointing out some "critical mistakes" she made in presenting her *in forma pauperis* application, which she now seeks to explain; describing health problems that arose in March 2019, several months after she filed this case; admitting that the income estimates in her application "were slightly off"; and averring that she reported the information on her *in forma pauperis* application in good faith and that she was in fact indigent and in debt when she completed her application. (Doc. No. 27, at 8; *see id.* at 13 ("The estimated values were a little off but the picture of poverty painted on my application remains the same.").)

In its Response to the plaintiff's Objection, the defendant argues that the plaintiff's general and conclusory objection does not satisfy Rule 72(b) of the Federal Rules of Civil Procedure or Local Rule 72.02 and that dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(A) is appropriate.

## II.    Standard of Review

Within fourteen days after being served with a report and recommendation as to a dispositive matter, as here, any "party may serve and file specific written objections to [a

magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se*

litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    Analysis

The defendant argues that the plaintiff's objections are not sufficiently specific to warrant review. *See Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. Reading between the lines, the court finds that the plaintiff has lodged one clear objection: that the magistrate judge erred in concluding that the plaintiff's underestimation of her income from employment for the preceding year was substantial or material to the overall finding that she was indigent and entitled to proceed without prepaying the filing fee. In light of this argument, the court has reviewed the entire record *de novo* and agrees with the magistrate judge's findings and conclusions.

Section 1915(e)(2)(A) states, pertaining to cases filed *in forma pauperis*: "[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." Courts previously had discretion to dismiss a case if an allegation of poverty was determined to be untrue, but the Prison Litigation Reform Act amended § 1915 to add the mandatory "shall dismiss" language. Pub. L. 104–134 § 804; *see also Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."). If a court determines that an allegation of poverty is untrue, the court must dismiss the case, but it has discretion to decide whether to dismiss the case with or without prejudice.[1] *See Jones v. Mich. Dep't of Human*

---

[1] The Supreme Court has explained that a dismissal with prejudice operates as an "adjudication upon the merits" but that a dismissal *without* prejudice is a "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (citations omitted).

*Servs.*, No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013) (" '[A] district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty.'" (quoting *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990))); *see also Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam) (holding that "the district court did not err in dismissing plaintiff's case with prejudice" based on knowingly false misrepresentations in an *in forma pauperis* application).

The purpose of 28 U.S.C. 1915(e)(2)(A) "'is to weed out litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" *Jones*, 2013 WL 640771, at *1 (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). Thus, "'[n]ot every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint.'" *Robinson v. Koch Foods of Ala.*, No. 2:13-cv-557-WKW, 2014 WL 4472609, at *2 (M.D. Ala. Sept. 1, 2014) (quoting *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986)).

The evidence in the record clearly establishes that the plaintiff's actual income from employment was substantially more than her "estimate," and her actual employment income would have been a material factor in determining in the first instance whether the plaintiff was entitled to pursue this lawsuit without prepaying the filing fee. The misrepresentation was not a minimal inaccuracy but, instead, a substantial and material misrepresentation of the plaintiff's income. As a result, the allegation of poverty in her *in forma pauperis* application was untrue for purposes of § 1915(e)(2)(A), and dismissal is required.

The plaintiff's other arguments, including the difference between her current income and the income she earned while employed by the defendant and the health problems she has

suffered since filing this lawsuit, are simply not relevant to the magistrate judge's findings of fact and conclusions of law or to the determination of whether her *in forma pauperis* application materially misrepresented her income from employment.

**IV.   Conclusion and Order**

For the reasons set forth herein, the plaintiff's Objection (Doc. No. 27) is **OVERRULED**. The R&R's findings and conclusions are **ACCEPTED and ADOPTED** in their entirety, and the defendants' Motion to Dismiss (Doc. No. 10) is **GRANTED IN PART and DENIED IN PART**. This case is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge